E-FILED
Wednesday, 08 July, 2020 02:34:30 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

AUSTIN KUZNIK, individually and on behalf of all others similarly situated,

Plaintiff,

v.

HOOTERS OF AMERICA, LLC,
HOA RESTAURANT HOLDER, LLC,

Defendants.

No. 1:20-cv-1255

**NOTICE OF REMOVAL**

Defendants Hooters of America, LLC, and HOA Restaurant Holder, LLC (collectively, "HOA") hereby remove this putative class action from the Circuit Court of McLean County, Illinois to the United States District Court for the Central District of Illinois, Peoria Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and, on the face of Plaintiff's pleadings, the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(1).

## I. Overview of Claims Asserted and Relief Sought

Defendants Hooters of America, LLC and HOA Restaurant Holder, LLC are both limited liability companies. The sole member of each company is a citizen of Delaware. Plaintiff Austin Kuznik's Class Action Complaint asserts that as a "crewmember," he used timekeeping technology to clock in and out from work in a manner that violated the Illinois Biometric Information Privacy

Act ("BIPA"), 740 ILCS 14/1, *et seq. See, e.g.*, Compl. ¶¶ 41-42, 54 (attached as part of Exhibit A).[1]

Plaintiff alleges five categories of violations under three separate subparts of BIPA's Section 15. Compl. ¶¶ 66-74. Plaintiff alleges HOA failed to:

1) make publicly available a written policy about retention and destruction of biometrics (Section 15(a));

2) inform Plaintiff in writing that his biometrics were being recorded, obtained, collected or stored (Section 15(b)(1));

3) inform Plaintiff of the specific purpose and length of term for which his biometrics were being collected, stored, and used (Section 15(b)(2));

4) obtain a written release from Plaintiff (Section 15(b)(3)); and

5) obtain consent before disclosing any biometrics to a third-party (Section 15(d)).

Lastly in Count II, Plaintiff seeks injunctive relief, which includes enjoining HOA from further alleged BIPA non-compliance. Compl. ¶¶ 75-87.

Plaintiff defines the putative class as follows:

> All persons working for Defendants in Illinois at any time between May 18, 2015 and the present whom Defendants caused to be fingerprinted or finger-scanned when clocking in or out of work.

*Id.* ¶ 55. Plaintiff seeks as relief, among other things, "statutory damages for each willful and/or reckless violation"[2] and for negligent violations, "damages . . . including liquidated damages of $1,000 or actual damages, whichever is greater." *Id.* ¶ 74.

[1] Exhibit A is "a copy of all process, pleadings, and orders served" on HOA. *See* 28 U.S.C. § 1446(a).

[2] Under BIPA, a plaintiff can recover "liquidated damages of $5,000 or actual damages, whichever is greater" for each intentional or reckless violation." 740 ILCS 14/20(2).

## II.   Removal is Proper under CAFA

This Court has jurisdiction under CAFA because this is a purported class action (*id.* at ¶¶ 55-60) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions), 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"), and 1446 (permitting removal).

### A.   Minimal Diversity Exists

Minimal diversity exists where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of Illinois. *See* Compl. ¶ 19. Hooters of America, LLC is a citizen of the state of its sole member, which is Delaware. Declaration of Benjamin Benson, ¶ 2 (attached as Exhibit B). HOA Restaurant Holder, LLC is a citizen of the state of its sole member, which is Delaware. *Id.* ¶ 3. Accordingly, minimal diversity exists.

### B.   Amount in Controversy Exceeds $5,000,000

Here, on the face of Plaintiff's pleadings, the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). The Complaint asserts five types of alleged violations, and seeks statutory damages for "each" violation (Compl. ¶ 74), and CAFA requires "the claims of the individual [purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6).

The Complaint alleges Defendant violated BIPA as to "hundreds of its workers throughout the State of Illinois." Compl. ¶ 12. And Plaintiff's Motion for Class Certification similarly asserts HOA "employs over 100 people daily" and that the putative class members "will exceed 100."

Mot. for Class Cert. ¶¶ 2, 14 (attached as part of Exhibit A). Even 201 class members would yield a maximum amount in controversy in excess of the jurisdictional prerequisite for the five BIPA violations alleged (201 x $5,000 x 5 = $5,025,000).[3] Since May 18, 2015, HOA has employed at least 251 people in Illinois who use finger scan technology to punch in and out of work. *See* Ex. B ¶ 4. Thus, as alleged, the amount-in-controversy requirement is satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

**III. The Procedural Requirements for Removal Have Been Satisfied**

This notice is timely. A notice of removal must be filed within 30 days of service. 28 U.S.C. § 1446(b). HOA was served on June 8, 2020. Ex. B ¶ 5. Counting forward 30 days comes to Wednesday, July 8, 2020. Both Defendants are collectively removing this matter, and therefore there are no other defendants whose consent would be necessary.

HOA is today timely filing this notice with the Circuit Court of McLean County, along with an executed copy of the Notice of Filing Notice of Removal. HOA is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated: July 8, 2020

Respectfully submitted,

**HOOTERS OF AMERICA, LLC and**
**HOA RESTAURANT HOLDER, LLC**

By: */s/ Erin Bolan Hines*

Erin Bolan Hines (ehines@shb.com)
Amy Y. Cho (acho@shb.com)
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700

---

[3] Even counting only four alleged BIPA violations identified in the Complaint, it would require only 251 class members to exceed the jurisdictional amount (251 x $5,000 x 4 = $5,020,000).

Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Erin Bolan Hines, an attorney, hereby certify that on **July 8, 2020**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in this matter in the Circuit Court of McLean County, addressed as follows:

James X. Bormes
ARDC# 6202568
Law Offices of James X. Bormes
8 South Michigan Ave. Suite 2600
Chicago, IL 60603 312-208-0575
Email: jxbormes@bormeslaw.com

*Attorney for Plaintiff*

*/s/ Erin Bolan Hines*