E-FILED
Wednesday, 08 July, 2020  02:34:30 PM
Clerk, U.S. District Court, ILCD

# Exhibit A

 **CT Corporation**

**Service of Process Transmittal**
06/08/2020
CT Log Number 537755488

**TO:** Shauna Fulton, Paralegal / Licensing Coordinator
Hooters of America, LLC
1815 the Exchange SE
Atlanta, GA 30339-2027

**RE:** **Process Served in Georgia**

**FOR:** HOA Restaurant Holder, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AUSTIN KUZNIK, etc., Pltf. vs. HOOTERS OF AMERICA, LLC and HOA RESTAURANT HOLDER, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CH000059 |
| **NATURE OF ACTION:** | - |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/08/2020 postmarked on 06/03/2020 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/08/2020, Expected Purge Date: 06/13/2020<br><br>Image SOP<br><br>Email Notification,  Shauna Fulton  sfulton@hooters.com<br><br>Email Notification,  BEN BENSON  bbenson@hooters.com<br><br>Email Notification,  SCOTT WEBER  sweber@hooters.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# THE KHOWAJA LAW FIRM

70 East Lake Street, Suite 1220 • Chicago, IL 60601



**F**

U.S. POSTAGE
**$5.35**
FCM  LG ENV
60604
Date of sale
06/03/20
06      2S
11488752

## USPS FIRST-CLASS MAIL®

4.80 oz

HOA Restaurant Holder, LLC
R/A – CT Corporation System
289 S. Culver St.
Lawrenceville, GA 30046

C001

SHIP
TO:

**289 S CULVER ST
LAWRENCEVILLE GA 30046-4805**

## USPS CERTIFIED MAIL®

9507 1066 3561 0155 1905 03

 **CT Corporation**

**Service of Process Transmittal**
06/08/2020
CT Log Number 537755488

**TO:** Shauna Fulton, Paralegal / Licensing Coordinator
Hooters of America, LLC
1815 the Exchange SE
Atlanta, GA 30339-2027

**RE:** **Process Served in Georgia**

**FOR:** HOA Restaurant Holder, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | AUSTIN KUZNIK, etc., Pltf. vs. HOOTERS OF AMERICA, LLC and HOA RESTAURANT HOLDER, LLC, Dfts. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2020CH000059 |
| **NATURE OF ACTION:** | - |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Lawrenceville, GA |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 06/08/2020 postmarked on 06/03/2020 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | - |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/08/2020, Expected Purge Date: 06/13/2020<br><br>Image SOP<br><br>Email Notification,  Shauna Fulton  sfulton@hooters.com<br><br>Email Notification,  BEN BENSON  bbenson@hooters.com<br><br>Email Notification,  SCOTT WEBER  sweber@hooters.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 S La Salle St Ste 814<br>Chicago, IL 60604-1101 |
| **For Questions:** | 866-203-1500<br>DealTeam@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# THE KHOWAJA LAW FIRM

70 East Lake Street, Suite 1220 • Chicago, IL 60601



U.S. POSTAGE
$5.35
FCM LG ENV
60604
Date of sale
06/03/20
06      2S SSK
11488752

## USPS FIRST-CLASS MAIL®

4.80 oz

HOA Restaurant Holder, LLC
R/A – CT Corporation System
289 S. Culver St.
Lawrenceville, GA 30046

C001

SHIP
TO:

**289 S CULVER ST
LAWRENCEVILLE GA 30046-4805**

### USPS CERTIFIED MAIL®

9507 1066 3561 0155 1905 03

IN THE CIRCUIT COURT OF McLEAN COUNTY, ILLINOIS
CHANCERY DIVISION

| | | |
|---|---|---|
| AUSTIN KUZNIK, individually and on behalf of all others similarly situated, | ) ) ) | **FILED**<br>5/18/2020 11:25 AM<br>DONALD R. EVERHART, JR.<br>CLERK OF THE CIRCUIT COURT<br>MCLEAN COUNTY, ILLINOIS |
| Plaintiff, | ) ) | No. 2020CH000059 |
| v. | ) ) | FIRST CASE MANAGEMENT CONFERENCE |
| HOOTERS OF AMERICA, LLC, HOA RESTAURANT HOLDER, LLC, | ) ) ) | BEFORE JUDGE Foley<br>SET ON 9/8/20 at 9:00 am |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff Austin Kuznik ("Kuznik" or "Plaintiff"), individually, and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant, Hooters of America, LLC. and Defendant, HOA Restaurant Holder, LLC (collectively "Defendants") to stop Defendants' capture, collection, use and storage of individuals' biometric identifiers and/or biometric information in violation of the Illinois Biometric Information Privacy Act ("BIPA") 740 ILCS 14/1 *et seq.*, and to obtain redress for all persons injured by Defendants' conduct. Plaintiff alleges the following upon information and belief, except as to the allegations within Plaintiff's personal knowledge, and states as follows:

### NATURE OF ACTION

1.     This case concerns Defendants' conduct of capturing, collecting, storing, and using Plaintiff's and other workers' biometric identifiers and/or biometric information without regard to BIPA and the concrete privacy rights and pecuniary interests Illinois' BIPA protects. Defendants does this in the form of finger scans, which capture a person's fingerprint, and then Defendants uses that fingerprint to identify that same person in the future.

2.      Following the 2007 bankruptcy of a company specializing in the collection and use of biometric information, which risked the sale or transfer of millions of fingerprint records to the highest bidder, the Illinois Legislature passed detailed regulations addressing the collection, use and retention of biometric information by private entities, such as Defendants.

3.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

4.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendants in capturing, collecting, storing and using Plaintiff's and other similarly situated individuals' biometric identifiers and biometric information without written informed consent, in direct violation of the Illinois BIPA. *See* 740 ILCS § 14/10.

5.      Choosing to shun more traditional timekeeping methods, Defendants have instead implemented an invasive program that relies on the capture, collection, storage and use of its workers' fingerprints, while disregarding the applicable Illinois statute and the privacy interests it protects.

6.      Defendants' employees in Illinois have been required to clock "in" and "out" of their work shifts by scanning their fingerprints, and Defendants' biometric computer systems then verify the employee and clock the employee "in" or "out."

2

7.     Unlike traditional time clock punch cards which can be changed or replaced if lost or compromised, fingerprints are unique, permanent biometric identifiers[1] associated with each employee. This exposes Defendants' workforce to serious and irreversible privacy risks.  For example, if a fingerprint database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

8.     In recognition of the concern regarding the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, inter alia, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

    a.  Inform that person in writing that biometric identifiers or information will be collected or stored;

    b.  Inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

    c.  Receive a written release from the person for the collection of their biometric identifiers or biometric information; and

    d.  Publish a publicly available retention schedule and guidelines for permanently destroying biometric identifiers and biometric information.

9.     BIPA expressly obligates Defendants to obtain an executed, written release from an individual, as a condition of employment, in order to capture, collect and store an individual's biometric identifiers, especially a fingerprint, and biometric information derived from it.

10.     BIPA further obligates Defendants to inform its employees in writing that a biometric identifier or biometric information is being collected or stored; to tell its employees in

---

[1]     BIPA defines a "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or

3

writing for how long it will store their biometric information and any purposes for which biometric information is being captured, collected, and used; and to make available a written policy disclosing when it will permanently destroy such information.

11.     BIPA makes all of these requirements a precondition to the collection or recording of fingerprints and associated biometric information.  Under BIPA, no biometric identifiers or information may be captured, stored or recorded if these pre-capture, pre-collection requirements are not met.

12.     In direct violation of the foregoing provisions, Defendants actively captures, collects, stores, and uses, without obtaining informed written consent or publishing its data and retention and deletion policies, the biometrics of hundreds of its workers throughout the State of Illinois whose fingerprints are captured and stored for timekeeping purposes.

13.     Defendants fingerprinted employees like Plaintiff, at its facilities, without properly obtaining the above-described written executed release in violation of Section 15(b)(3) of BIPA, and without making the required disclosures concerning the collection, storage and use or destruction of biometric identifiers or information in violation of Section 15 of BIPA.

14.     The workers' fingerprints are unique to each such worker, and Defendants' capture, collection, and use of those biometric identifiers and information violates each worker's substantive privacy rights protected under BIPA and exposes workers to serious and irreversible privacy risks – risks that BIPA was designed to avoid – including the ever-present risk of a data breach of Defendants' systems exposing its employees' biometrics to hackers and other wrongdoers worldwide.

15.     Defendants' practice of collecting fingerprints from its workers is unlawful and a serious invasion of its workers' right to privacy concerning their biometric information.

4

Defendants have failed to provide the required disclosures to inform its workers that it was collecting their biometric identifiers and information, and failed to inform the workers of how long Defendants intended to keep this highly sensitive information.

16.     To the extent Defendants are still retaining Plaintiff's and other similarly situated individuals' biometric information, such retention is an unlawful and continuing infringement on Plaintiff and the putative Class members' right to privacy.  Unlike a social security number, which can be changed, no amount of time or money can compensate Plaintiff, and other similarly situated individuals, if their fingerprints are compromised by the lax procedures through which Defendants captures, collects, stores and uses its workers' biometric information, and Plaintiff would not have provided her fingerprint to Defendants had he known that Defendants would retain such information for an indefinite period without her consent.

17.     Despite the requirements under BIPA and as alleged herein, Defendants' practice of capturing, collecting, storing and using its employees' biometric information without informed written consent violates its employees' statutorily protected privacy rights under BIPA. Furthermore, Defendants' failure to provide a written policy regarding its schedule and guidelines for the retention and permanent destruction of its workforces' biometric information violates §15(a) of BIPA.

18.     Plaintiff seeks damages and injunctive relief for Defendants' BIPA violations, on behalf of himself and similarly situated employees in the State of Illinois.

## PARTIES

19.     Plaintiff is, and has been at all relevant times, a resident of McLean County Illinois.

20.     Plaintiff was employed by Defendants as from November 2016 to June 2018.

5

21.     Defendant Hooters of America, LLC is a limited liability company organized under the laws of the State of Georgia, and is qualified to transact business in Illinois. Defendant Hooters of America, LLC's principal office is located at 1815 The Exchange, Atlanta, Georgia 30339.

22.     Defendant HOA Restaurant Holder, LLC is a limited liability company organized under the laws of the State of Georgia, and is qualified to transact business in Illinois. Defendant HOA Restaurant Holder, LLC's principal office is located at 1815 The Exchange, Atlanta, Georgia 30339.

23.     Defendants conducted business at 409 N. Hershey Rd. Bloomington, Illinois 61701.

24.     Defendants are private entities as that term is defined under BIPA. 740 ILCS 14/10.

## JURISDICTION AND VENUE

25.     This Court has jurisdiction Defendants pursuant to 735 ILCS 5/2-209 because Defendants transacted business in McLean County, Illinois. Additionally, this Court has jurisdiction over Plaintiff because he at all times relevant was a resident of McLean County, Illinois.

26.     Venue is proper in this Court pursuant to 735 ILCS 5/2-101 because Defendants conducted business in this County.

## SUBSTANTIVE ALLEGATIONS

27.     BIPA defines "biometric identifiers" or "biometric information" as fingerprints, a scan of hand geometry, and any "information" based on such "identifiers" that is used to identify an individual. 740 ILCS § 14/10.

6

28.    Illinois enacted BIPA to regulate entities that capture, collect, store and use biometric information.

29.    The law is specifically designed to require a company that collects biometrics to meet certain conditions, prior to collecting biometric data in order to inform and protect the person whose biometrics it is taking for its own use, and requires signed, written consent attesting that the individual has been properly informed and has freely consented to biometrics collection.

30.    Under BIPA, private entities may not collect, capture, purchase, receive through trade, or otherwise obtain a person's biometric identifier or biometric information unless they first:

      a. Inform the person in writing that a biometric identifier or biometric information is being collected;

      b.  Inform the person in writing of the specific purpose and length of time for which a person's biometric identifier and/or biometric information is being captured, collected, stored, and used; and

      c. Receive a written release executed by the subject of the biometric identifier or biometric information providing consent.

740 ILCS 14/15(b).

31.    Section 15(a) of BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information develop:

      a.  A written policy;

      b.  Available to the public;

        c.   Which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information;

        d.   Within three years of the individual's last interaction with the private entity, or when the purpose for collecting or obtaining the biometric identifiers and/or biometric information has been satisfied.

32.    BIPA provides valuable privacy rights, protections, and benefits to employees. These requirements ensure that the environment for taking or collecting biometrics is not forced or coerced so that employees are freely advised that by obtaining one's biometric data, the employer is capturing, extracting, creating and recording biometric data, and that individuals can monitor their biometric usage and history.

33.    BIPA provides statutory damages if an employer takes an employee's biometric information and invades an employee's privacy by circumventing BIPA's preconditions and requirements.

34.    In the context of employment, BIPA requires express written consent, not only in order to capture or collect biometrics, but the employer is required to obtain "informed written consent," in the form of "a release executed by an employee", and further, the release must be executed "as a condition of employment." Those formalized protections enable employees to freely consent to the taking of their biometrics. (740 ILCS 14/10[2]).

35.    Defendants require its workers to scan their fingers to "clock in" and "clock out" of work each day. Defendants do this using biometric timekeeping devices which capture, collect, store and use the workers' fingerprints. These fingerprint scans are distinctive identifiers of each individual and constitute biometric identifiers and information under BIPA.

---

[2]    Defining "Written release" in the context of employment.

8

36.     Unlike ID cards or key codes – which can be changed or replaced if stolen or compromised – fingerprints are unique, permanent biometric identifiers associated with the individual.  Defendants' policies and action violate workers' substantive privacy rights protected under BIPA and exposes Plaintiff and other workers to serious and irreversible privacy risks.

37.     The privacy risks associated with a person's biometrics are unparalleled.  Such information is more sensitive than a social security number, passport, birth certificate, etc.  As such, Illinois' BIPA statute requires private entities to provide certain disclosures and obtain a written release from individuals prior to collecting their biometric identifiers and/or biometric information.  Accordingly, BIPA protects an individual's right to be informed with request to the capture, collection, storage and use of their biometric information, allowing them to make more informed decisions as to the circumstances under which they agree to provide their biometric identifiers and/or biometric information.

38.     BIPA mandates that entities such as Defendants that engage in the use of biometric identification systems do so with reasonable safeguards after receiving informed consent to take such biometric information from the individual.

39.     BIPA also establishes standards for how companies must handle Illinois citizens' biometric identifiers and biometric information.  *See, e.g.*, 740 ILCS 14/15(c)-(d).  For example, BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure.  *See* 740 ILCS 14/15(d)(1).

40.     Defendants' practice of collecting, capturing, storing, using, and/or disclosing an individual's biometric information is unlawful under BIPA because such practices fail to satisfy

9

each of the enumerated requirements described above, and therefore severely infringe on its workers' right to privacy with regard to their biometric identifiers and information.

## FACTS SPECIFIC TO PLAINTIFF

41.    On or about November 19, 2016, Defendants hired Plaintiff as a crewmember.

42.    Throughout the duration of Plaintiff's employment, Defendants required its employees, including Plaintiff, to provide Defendants with their fingerprint, and then, using biometrics, captured or converted Plaintiff and other employees' fingerprints as a means of identifying and tracking hours worked at all of Defendants' facilities.

43.    Additionally, Defendants installed biometric timekeeping devices at its facilities and required workers to use them in order to eliminate false-positive identifications such as "buddy clocking" and other forms of timekeeping fraud.

44.    Defendants subsequently scanned and stored Plaintiff's fingerprint data in its employee database as a part of the employee time-clocking process.

45.    Each time Plaintiff began work, he was required to scan his fingerprint before beginning his job functions and at the end of his workday.

46.    Plaintiff has never been informed in writing that Defendants were capturing, collecting, storing, or using Plaintiff's biometric information.

47.    Plaintiff has never been informed of any biometric data retention policy developed by Defendants, nor was he ever informed of whether Defendants would ever permanently delete his biometric information.

48.    Plaintiff was never provided with nor ever signed a written release allowing Defendants to collect or store his biometric information.

49.     Additionally, Defendants did not obtain consent for any transmission to third parties of Plaintiff's and other employees' biometrics. To the extent Defendants uses out of state vendors to operate its biometrics program in conformance with biometric industry practice, Defendants have also violated BIPA on each occasion it transmits such information to third parties.

50.     Upon information and belief, Defendants uses an out of state vendor for payroll purposes.

51.     Upon information and belief, Defendants improperly discloses employees' fingerprint data to other third-parties such as their out-of-state third party payroll and/or time clock software provider.

52.     To this day, Plaintiff is unaware of the status of his biometric information that was obtained by Defendants. Defendants have not informed Plaintiff whether it still retains his biometric information, and if it does, for how long it intends to retain such information without his consent. Plaintiff's biometric information is economically valuable and such value will increase as the commercialization of biometrics continues to grow. As such, Plaintiff was not sufficiently compensated by Defendants for the retention of his biometric information and Plaintiff would not have agreed to work for Defendants, at least not for the compensation he received, had he known that Defendants would retain his biometric information indefinitely.

53.     Upon information and belief, Defendants do not have a policy of informing its workers in any way what happens to their biometric information after it is captured, collected, and obtained, whether the information is transmitted to a third party and, if so, which third party, and what would happen to the information if an individual discontinues working for Defendants, if a facility were to close, or if Defendants were to be acquired, sold, or file for bankruptcy.

11

54.     By knowingly and willfully failing to comply with BIPA's mandatory notice, release, and policy publication requirements, Defendants have violated workers' substantive privacy rights protected under BIPA and, as a result, Plaintiff and other employees continuously have been exposed to substantial and irreversible loss of privacy by Defendants' retention of their biometric information without their consent, with such constant and ongoing exposure constituting a severe harm and violation of their rights.

## CLASS ALLEGATIONS

55.     Plaintiff brings this lawsuit pursuant to 735 ILCS 5/2-801 on behalf of himself and a class of similarly situated individuals, defined as follows (the "Class"):

> All persons working for Defendants in Illinois at any time between May 18, 2015 and the present whom Defendants caused to be fingerprinted or finger-scanned when clocking in or out of work.

56.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

57.     **Numerosity**: The exact number of Class members is unknown to Plaintiff at this time, but on information and belief exceeds 100, in which case, individual joinder is impracticable.  Defendants have collected, captured, received, or otherwise obtained biometric identifiers or biometric information from over 100 employees who fall into the definition of the Class.  Ultimately, the Class members will be easily identified through Defendants' records.

58.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and Class, and those questions predominate over any questions that may affect individual members, and frame issues for class-wide adjudication.  Common questions for the Class include, but are not necessarily limited to the following:

12

A. Whether Defendants have a practice of capturing, collecting, storing or using Class members' biometrics;

B. Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting and obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Defendants, whichever occurs first;

C. Whether Defendants obtained an executed written release from fingerprinted employees before capturing, collecting, or otherwise obtaining employee biometrics;

D. Whether Defendants obtained an executed written release from fingerprinted employees, before capturing, collecting, converting, sharing, storing or using employee biometrics;

E. Whether, in order to collect biometrics, Defendants provided a writing disclosing to employees the specific purposes for which the biometrics are being collected, stored and used;

F. Whether, in order to collect biometrics, Defendants provided a writing disclosing to fingerprinted employees the length of time for which the biometrics are being collected, stored and used;

G. Whether Defendants' conduct violates BIPA;

H. Whether Defendants' violations of BIPA are willful and reckless;

I. Whether Plaintiff and the Class are entitled to damages, and what is the proper measure thereof; and

13

J.  Whether Plaintiff and the Class are entitled to injunctive relief.

59.  **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interest of the Class and has retained counsel competent and experienced in complex litigation and class actions.  Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

60.  **Appropriateness**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy and joinder of all members of the Class is impracticable.  The damages suffered by the individual members of the Class are likely to have been small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' wrongful conduct.  Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct.  Even if members of the Class could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint.  By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.  Economics of time, effort and expense will be fostered and uniformity of decisions will be ensured.

**COUNT I**
**VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**
**(Damages)**

61.     Plaintiff, individually and on behalf of all others similarly situated, repeats and re-alleges the preceding allegations as though fully set forth herein.

62.     BIPA is a remedial statute designed to protect employees, by requiring consent and disclosures associated with the handling of biometrics, particularly in the context of fingerprint technology. 740 ILCS §§ 14/5(g), 14/10 and 14/15(b)(3).

63.     The Illinois General Assembly's recognition of the importance of the public policy and benefits underpinning BIPA's enactment, and the regulation of biometrics collection, is detailed in the text of the statute itself. *E.g.,* 740 ILCS § 14/5(a), (c), (d), (f), (g).

64.     Defendants have been a "private entity" in possession of Plaintiff's and other employees' biometrics, and collected and captured their biometric identifiers and biometric information within the meaning of the Act.

65.     As more fully set forth above, at relevant times Defendants recorded, collected, and stored Plaintiff's and other employees' biometric identifiers and biometric information based on those identifiers as defined by BIPA, 740 ILCS § 14/10, through the imposition of biometric time clocks.

66.     Section 14/15(a) of the BIPA provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

67.     In violation of Section 14/15(a), Defendants failed to make such a written policy publicly available to Plaintiff and other Class members.

68.    Section 14/15(b) of the BIPA provides that:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

69.    In violation of Section 14/15(b), Defendants have collected, captured, stored or obtained Plaintiff's and other Class members' biometric identifiers and biometric information without:

I.    informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, that the biometric identifiers or biometric information were being recorded, obtained, collected or stored;

II.    informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, of the specific purpose and length of term which the biometric identifiers or biometric information were being collected, stored, and used; and

III.    receiving a written release executed by Plaintiff and the Class, and executed by them as a condition of employment.

70.    Defendants took Plaintiff and other Class members' fingerprints, and knowingly caused their biometrics to be captured, collected, recorded, and stored, without making publicly available the required policy that explains, for example, any purpose for which the biometric identifiers and information were collected, a retention schedule, and guidelines for permanently destroying biometric identifiers and information.

71.  Defendants' violations of BIPA, as set forth herein, were knowing and willful, or were in reckless disregard of the statutory requirements.  Alternatively, Defendants' above-described conduct is negligent.  As a result of Defendants' above described acts and omissions, Defendants have invaded the privacy of Plaintiff and the Class; it have unlawfully and coercively taken their biometrics; it have failed to provide them with information required by BIPA; it have deprived them of benefits, rights, opportunities and decisions conferred and required by the Illinois legislature via BIPA; and it illegally recorded, possessed, converted and stored their fingerprints, biometrics and property.

72.  By collecting, storing, and using Plaintiff's and the Class' biometric identifiers and biometric information as described herein, Defendants violated the right of Plaintiff and each Class member to privacy in their biometric identifiers and biometric information.

73.  Additionally, to the extent Defendants have disclosed Plaintiff's and the Class members' biometric information to any out of state third-party vendors without first obtaining Plaintiff's and the Class members' written consent, Defendants have further violated BIPA.

74.  Accordingly, Defendants have willfully or recklessly violated BIPA, and Plaintiff and the Class have been damages and are entitled to damages available under BIPA, including statutory damages for each willful and/or reckless violation. Alternatively, Defendants have negligently violated BIPA, and Plaintiff and the Class have been damaged and are entitled to damages available under BIPA, including liquidated damages of $1,000 or actual damages, whichever is greater. 740 ILCS § 14/20(1).

## COUNT II
## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
### (Injunctive Relief)

75.  Plaintiff, individually and on behalf of all others similarly situated, repeats and re-

17

alleges the preceding allegations as though fully set forth herein.

76.  BIPA provides for injunctive relief. 740 ILCS § 14/20(4).

77.  Plaintiff and other Class members are entitled to an order requiring Defendants to make disclosures consistent with the Act and enjoining further unlawful conduct.

78.  First, Plaintiff seeks an order requiring Defendants to publicly disclose a written policy establishing any specific purpose and length of term for which Plaintiff's and other employees' biometrics have been collected, stored, and used, as well as guidelines for permanently destroying such biometrics when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first, as required by 740 ILCS § 14/15(a).

79.  Second, Plaintiff seeks an order requiring Defendants to disclose whether Defendants have retained Plaintiff's and other employees' biometrics in any fashion, and if, when, and how such biometrics were permanently destroyed, consistent with BIPA.

80.  Third, due to the aforementioned facts, and Defendants' failure to make publicly available facts demonstrating BIPA compliance as BIPA requires, Defendants should be ordered to: (i) disclose if[3] it have disseminated, sold, leased, traded, or otherwise profited from Plaintiff's and other fingerprinted employees' biometric information, which is strictly prohibited under BIPA; and (ii) disclose the standard of care that it employed to store, transmit, and protect such biometrics, as provided under BIPA. 740 ILCS § 14/15(c), (d), (e).

81.  Fourth, Defendants should be enjoined from further BIPA non-compliance, and should be ordered to remedy any BIPA compliance deficiencies forthwith.

82.  Plaintiff and other Class members' legal interests are adverse to Defendants.

---

[3]   And if, precisely how, and to whom.

There is substantial controversy between Plaintiff and Defendants warranting equitable relief so that Plaintiff and the Class may obtain the protections that BIPA entitles them to receive.

83.     Plaintiff and the Class do not know what Defendants have done (or intends to do) with their stored biometrics.  Absent injunctive relief, Defendants are likely to continue their BIPA non-compliance and Plaintiff and other Class members will continue to be uninformed on their rights under BIPA.

84.     For the reasons set forth above, Plaintiff is likely to succeed on the merits of his claims.

85.     BIPA establishes the importance, value, and sensitive nature of biometrics, along with the need to protect and control it; Plaintiff is entitled to know what Defendants have done with it as set forth above, and to an affirmation and verification that it has been permanently destroyed as required by 740 ILCS § 14/15(a).

86.     The gravity of the harm to Plaintiff and the Class, absent equitable relief, outweighs any harm to Defendants if such relief is granted.

87.     As a result, Plaintiff requests commensurate injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a.     Certify the Class, and designate Plaintiff as Class representative and his counsel as Class Counsel;

b.     Find that Defendants have violated the Biometric Information Privacy Act, and enter judgment in favor of Plaintiff and others similarly situated;

c.     Provide commensurate temporary, preliminary and permanent injunctive relief for

Plaintiff and the Class as set forth above;

      d.     Award all damages available to Plaintiff and the Class under applicable law, including statutory damages;

      e.     Award Plaintiff and the certified class all costs and expenses incurred in this action, including reasonable attorneys' fees, and requiring Defendants to pay the costs and expenses of class notice and claims administration; and,

      f.     Award Plaintiff and the certified class such further and other relief the Court deems just and appropriate.

Dated: May 18, 2020

Respectfully submitted,

Austin Kuznik, individually and on behalf of all others similarly situated

By: /s/   James X. Bormes                      .
          One of Plaintiff's attorneys

James X. Bormes
ARDC# 6202568
Law Offices of James X. Bormes
8 South Michigan Ave. Suite 2600
Chicago, IL 60603
312-208-0575
Email: jxbormes@bormeslaw.com

## IN THE CIRCUIT COURT OF McLEAN COUNTY, ILLINOIS
## CHANCERY DIVISION

**AUSTIN KUZNIK,** individually and on
behalf of other employees similarly situated,

Plaintiff,

vs.

**HOOTERS OF AMERICA, LLC,**
**HOA RESTAURANT HOLDER, LLC**

Defendants.

FILED
5/20/2020 10:45 AM
DONALD R. EVERHART, JR.
CLERK OF THE CIRCUIT COURT
McLEAN COUNTY, ILLINOIS

Case No. 2020-CH-000059

Hon. Rebecca S. Foley

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Austin Kuznik ("Plaintiff"), individually and on behalf of all others similarly situated, by his attorneys, respectfully requests that this Court enter an Order determining that this action alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* ("BIPA"), be certified as a class action pursuant to 735 ILCS 5/2-801 *et seq.* Plaintiff defines the class to be certified as follows:

> All persons working for Defendants in Illinois at anytime between May 18, 2015 and the present whom Defendants caused to be fingerprinted or finger-scanned when clocking in or out of work.

Plaintiff further requests that counsel for Plaintiff be appointed counsel for the class. In support of this motion, Plaintiff states as follows:

1.     Plaintiff's claims are brought on a class basis against Defendant, Hooters of America, LLC. and Defendant, HOA Restaurant Holder, LLC (collectively "Defendants"). Defendants employs over 100 people daily.

2.     Defendants' employees have been required to clock "in" and "out" of their work

shifts by scanning their fingerprints, and Defendants' biometric computer systems then verify the employee and clock the employee "in" or "out."

3.      Unlike traditional time clock punch cards which can be changed, replaced if lost or compromised, fingerprints are unique, permanent biometric identifiers[1] associated with each employee. This exposes Defendants' workforce to serious and irreversible privacy risks.  For example, if a fingerprint database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

4.      BIPA expressly obligates Defendants to obtain an executed, written release from an individual, as a condition of employment, in order to capture, collect and store an individual's biometric identifiers, especially a fingerprint, and biometric information derived from it.

5.      BIPA further obligates Defendants to inform its employees in writing that a biometric identifier or biometric information is being collected or stored; to tell its employees in writing how long Defendants will store their biometric information and any purposes for which biometric information is being captured, collected, and used; and to make available a written policy disclosing when Defendants will permanently destroy such information.

6.      BIPA makes all of these requirements a precondition to the collection or recording of fingerprints and associated biometric information.  Under BIPA, no biometric

---

[1]      BIPA defines a "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10.  BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." *Id.*  Plaintiff herein uses the terms "biometric information" and "biometric identifier" interchangeably.

2

identifiers or information may be captured, stored or recorded if these pre-capture, pre-collection requirements are not met.

7.    The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

8.    Defendants fingerprinted employees like Plaintiff, at its Restaurants, without properly obtaining the above-described written executed release in violation of Section 15(b)(3) of BIPA, and without making the required disclosures concerning the collection, storage and use or destruction of biometric identifiers or information in violation of Section 15 of BIPA.

9.    Despite the requirements under BIPA and as alleged herein, Defendants' practice of collecting, storing and using their employees' biometric information without informed written consent violates the employees' statutorily protected privacy rights under BIPA. Furthermore, Defendants' failure to provide a written policy regarding their schedule and guidelines for the retention and permanent destruction of their workforces' biometric information violates §15(a) of BIPA.

10.    Plaintiff and the putative class members are individuals who worked for Defendants in Illinois and whom Defendants caused to be fingerprinted or finger-scanned when clocking in or out of work.

## CLASS CERTIFICATION REQUIREMENTS

11.    Class certification is appropriate in this matter because:

3

a. the class is so numerous that joinder of all members is impracticable;

b. there are questions of law or fact common to the class, which common questions predominate over any questions affecting only individual class members;

c. the representative parties will fairly and adequately protect the interests of the class; and

d. a class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See*, 735 ILCS 5/2-801.

12.     All requirements of Section 2-801 of the Code of Civil Procedure have been met.

13.     Plaintiff brings this action on his own behalf and on behalf of all persons in Illinois who, from May 18, 2015 to the present, Defendants caused to be fingerprinted or finger-scanned when clocking in or out of work.

14.     The Class is so numerous that joinder of all members is impracticable. The exact size of the Class is not known, but the size of the Class and the identification of its members are subject to determination through information within the exclusive control of Defendants. Plaintiff believes that the number of putative class members in the Class will exceed 100.

15.     There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual class members. The predominant common questions include the following:

a. Whether Defendants have a practice of capturing or collecting Class member biometrics;

b. Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting and obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Defendants, whichever occurs first;

    c.  Whether Defendants obtained an executed written release from fingerprinted employees before capturing, collecting, or otherwise obtaining employee biometrics;

    d.  Whether Defendants obtained an executed written release from fingerprinted employees, before capturing, collecting, converting, sharing, storing or using employee biometrics;

    e.  Whether, in order to collect biometrics, Defendants provided a writing disclosing to employees the specific purposes for which the biometrics are being collected, stored and used;

    f.  Whether, in order to collect biometrics, Defendants provided a writing disclosing to fingerprinted employees the length of time for which the biometrics are being collected, stored and used;

    g.  Whether Defendants' conduct violates BIPA;

    h.  Whether Plaintiff and the Class are entitled to damages, and what is the proper measure thereof; and

    i.  Whether Plaintiff and the Class are entitled to injunctive relief.

16.    Plaintiff's claims are typical of those of the class members.  All are based on the same factual and legal theories.

17.    Plaintiff will fairly and adequately represent the class members.  Plaintiff has no interests that conflict with the interests of class members.  Plaintiff has retained experienced counsel.

18.    A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

    a.  Individual class members are unlikely to recognize the violation;

    b.  Individual actions are uneconomical; and

    c.  There are no potential difficulties in managing a class action here, and the use of the class action form will save considerable judicial resources.

19.     Plaintiff filed this motion at this time pursuant to the directives in *Barber v. American Airlines, Inc.*, 241 Ill.2d 450 (2011). Plaintiff intends to incorporate a memorandum of law in support of his motion at a later date, after certain initial discovery has been completed to support the memorandum.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action and that counsel for Plaintiff be appointed as class counsel.

Respectfully submitted,

Austin Kuznik, individually and on behalf of all others similarly situated

By: /s/  James X. Bormes
        One of his attorneys

James X. Bormes (ARDC# 6202568)
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, IL 60603
Tel: (312) 201-0575
Fax: (312) 332-0600
Email: jxbormes@bormeslaw.com

6

## IN THE CIRCUIT COURT OF McLEAN COUNTY, ILLINOIS
### CHANCERY DIVISION

**AUSTIN KUZNIK**, individually and on
behalf of other employees similarly situated,

        Plaintiff,

    vs.

**HOOTERS OF AMERICA, LLC,
HOA RESTAURANT HOLDER, LLC**

        Defendants.

FILED
5/20/2020 10:45 AM
DONALD R. EVERHART, JR.
CLERK OF THE CIRCUIT COURT
MCLEAN COUNTY, ILLINOIS

Case No.  2020-CH-000059

Hon. Rebecca S. Foley

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff, Austin Kuznik ("Plaintiff"), individually and on behalf of all others similarly

situated, by his attorneys, respectfully requests that this Court enter an Order determining that

this action alleging violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1

*et seq.* ("BIPA"), be certified as a class action pursuant to 735 ILCS 5/2-801 *et seq.*  Plaintiff

defines the class to be certified as follows:

> All persons working for Defendants in Illinois at anytime between May 18, 2015
> and the present whom Defendants caused to be fingerprinted or finger-scanned
> when clocking in or out of work.

Plaintiff further requests that counsel for Plaintiff be appointed counsel for the class.  In

support of this motion, Plaintiff states as follows:

1.      Plaintiff's claims are brought on a class basis against Defendant, Hooters of

America, LLC. and Defendant, HOA Restaurant Holder, LLC (collectively "Defendants").

Defendants employs over 100 people daily.

2.      Defendants' employees have been required to clock "in" and "out" of their work

shifts by scanning their fingerprints, and Defendants' biometric computer systems then verify the employee and clock the employee "in" or "out."

3.      Unlike traditional time clock punch cards which can be changed, replaced if lost or compromised, fingerprints are unique, permanent biometric identifiers[1] associated with each employee. This exposes Defendants' workforce to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed, employees have no means by which to prevent identity theft and unauthorized tracking.

4.      BIPA expressly obligates Defendants to obtain an executed, written release from an individual, as a condition of employment, in order to capture, collect and store an individual's biometric identifiers, especially a fingerprint, and biometric information derived from it.

5.      BIPA further obligates Defendants to inform its employees in writing that a biometric identifier or biometric information is being collected or stored; to tell its employees in writing how long Defendants will store their biometric information and any purposes for which biometric information is being captured, collected, and used; and to make available a written policy disclosing when Defendants will permanently destroy such information.

6.      BIPA makes all of these requirements a precondition to the collection or recording of fingerprints and associated biometric information. Under BIPA, no biometric

---

[1]     BIPA defines a "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry." 740 ILCS 14/10. BIPA defines "biometric information" as "any information, regardless of how it is captured, converted, stored, or shared, based on an individual's biometric identifier used to identify an individual. Biometric information does not include information derived from items or procedures excluded under the definition of biometric identifiers." *Id.* Plaintiff herein uses the terms "biometric information" and "biometric identifier" interchangeably.

identifiers or information may be captured, stored or recorded if these pre-capture, pre-collection requirements are not met.

7.      The Illinois Legislature has found that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric-facilitated transactions." *Id.*

8.      Defendants fingerprinted employees like Plaintiff, at its Restaurants, without properly obtaining the above-described written executed release in violation of Section 15(b)(3) of BIPA, and without making the required disclosures concerning the collection, storage and use or destruction of biometric identifiers or information in violation of Section 15 of BIPA.

9.      Despite the requirements under BIPA and as alleged herein, Defendants' practice of collecting, storing and using their employees' biometric information without informed written consent violates the employees' statutorily protected privacy rights under BIPA.  Furthermore, Defendants' failure to provide a written policy regarding their schedule and guidelines for the retention and permanent destruction of their workforces' biometric information violates §15(a) of BIPA.

10.     Plaintiff and the putative class members are individuals who worked for Defendants in Illinois and whom Defendants caused to be fingerprinted or finger-scanned when clocking in or out of work.

## CLASS CERTIFICATION REQUIREMENTS

11.     Class certification is appropriate in this matter because:

3

a.  the class is so numerous that joinder of all members is impracticable;

b.  there are questions of law or fact common to the class, which common questions predominate over any questions affecting only individual class members;

c.  the representative parties will fairly and adequately protect the interests of the class; and

d.  a class action is an appropriate method for the fair and efficient adjudication of the controversy.

*See*, 735 ILCS 5/2-801.

12.  All requirements of Section 2-801 of the Code of Civil Procedure have been met.

13.  Plaintiff brings this action on his own behalf and on behalf of all persons in Illinois who, from May 18, 2015 to the present, Defendants caused to be fingerprinted or finger-scanned when clocking in or out of work.

14.  The Class is so numerous that joinder of all members is impracticable. The exact size of the Class is not known, but the size of the Class and the identification of its members are subject to determination through information within the exclusive control of Defendants. Plaintiff believes that the number of putative class members in the Class will exceed 100.

15.  There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual class members. The predominant common questions include the following:

a.  Whether Defendants have a practice of capturing or collecting Class member biometrics;

b.  Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting and obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Defendants, whichever occurs first;

c. Whether Defendants obtained an executed written release from fingerprinted employees before capturing, collecting, or otherwise obtaining employee biometrics;

d. Whether Defendants obtained an executed written release from fingerprinted employees, before capturing, collecting, converting, sharing, storing or using employee biometrics;

e. Whether, in order to collect biometrics, Defendants provided a writing disclosing to employees the specific purposes for which the biometrics are being collected, stored and used;

f. Whether, in order to collect biometrics, Defendants provided a writing disclosing to fingerprinted employees the length of time for which the biometrics are being collected, stored and used;

g. Whether Defendants' conduct violates BIPA;

h. Whether Plaintiff and the Class are entitled to damages, and what is the proper measure thereof; and

i. Whether Plaintiff and the Class are entitled to injunctive relief.

16. Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

17. Plaintiff will fairly and adequately represent the class members. Plaintiff has no interests that conflict with the interests of class members. Plaintiff has retained experienced counsel.

18. A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

a. Individual class members are unlikely to recognize the violation;

b. Individual actions are uneconomical; and

c. There are no potential difficulties in managing a class action here, and the use of the class action form will save considerable judicial resources.

5

19.     Plaintiff filed this motion at this time pursuant to the directives in *Barber v.*
*American Airlines, Inc.*, 241 Ill.2d 450 (2011). Plaintiff intends to incorporate a memorandum of
law in support of his motion at a later date, after certain initial discovery has been completed to
support the memorandum.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order determining
that this action may proceed as a class action and that counsel for Plaintiff be appointed as class
counsel.

Respectfully submitted,

Austin Kuznik, individually and on behalf of all
others similarly situated


By: /s/  James X. Bormes            .
            One of his attorneys


James X. Bormes (ARDC# 6202568)
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue, Suite 2600
Chicago, IL 60603
Tel: (312) 201-0575
Fax: (312) 332-0600
Email: jxbormes@bormeslaw.com